A. A. Johnston v. Commissioner.
Johnston v. Commissioner
Docket No. 31578.
United States Tax Court
1952 Tax Ct. Memo LEXIS 309; 11 T.C.M. (CCH) 200; T.C.M. (RIA) 52057; February 29, 1952
*309 W. A. Johnston, Esq., 301 Sonna Bldg., Boise, Ida., for the petitioner. Wilford H. Payne, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $602.38 in income tax of the petitioner for 1947. The only issue for decision is whether the Commissioner erred in disallowing a deduction for a portion of the amount paid by the petitioner in connection with the widening of two streets on which he owned property. Findings of Fact The petitioner filed his individual income tax return for 1947 with the collector of internal revenue for the District of Idaho. He and his wife lived in Boise, Idaho. The wife died on July 12, 1947. The petitioner and his wife owned a piece of property approximately 195feet by 122feet at the corner of 11th and Bannock Streets and another piece of land approximately 50feet by 122feet on Bannock Street in Boise. The Common Council of Boise passed an ordinance in April 1946 which was approved by the mayor in that same month. It established Local Improvement District No. 1 for the purpose of widening streets, including Bannock Street and 11th Street, by increasing the distance *310 between the curbs on those streets and moving all lights and other installations incident thereto, "ordering such improvements and providing for the payment of the expenses and costs of such improvements by special assessments to be levied against the property fronting, contiguous, abutting and/or tributary to the said streets or parts of streets to be so improved." The changes covered by the ordinance were carried out in accordance with the ordinance and the properties of the petitioner were assessed $3,464.97 of the total cost of the work. The petitioner paid that amount in 1947. He deducted the amount on his return for 1947 in computing income from rents and royalties which was reported as community income for the period in 1947 up to the death of the wife and thereafter as a separate income of the petitioner. The Commissioner, in determining the deficiency, disallowed the amount as a deduction or expense and restored the appropriate portion thereof to the income of the petitioner. The $3,464.97 was assessed against local benefits of a kind tending to increase the value of the property assessed, no part of which was applicable to maintenance or interest charges. Opinion *311 MURDOCK, Judge: The petitioner seems to concede that the changes made in 1947, under the ordinance creating the local improvement district, resulted in a benefit of a kind tending to increase the value of his properties over what it was just prior thereto. However, he has testified about events which took place in 1907. He says that there was a local improvement district established at that time to narrow these same streets on which his properties abut and his claim is that the changes in 1947 merely restored the streets and sidewalks to the widths which they had prior to the 1907 change. He argues that the 1947 expenditures were for repairs since they simply restored the properties to their prior condition. He has failed to show why the Court should consider events which took place forty years prior to the improvements involved herein. His testimony indicates that conditions in Boise relating to these streets changed materially from 1907 to 1947 and it is conceivable that the changes made in 1907 were improvements at that time and the changes in 1947 were improvements at that time, even though the second had the general effect of restoring the street and sidewalk widths which existed *312 prior to 1907. But however that may be, the question here is simply whether the assessment which the petitioner paid in 1947 comes within section 23 (c) (1) (E). The Commissioner has determined that it does come within that provision and the evidence fails to show that it does not. Indeed, the Court in such a situation is not called upon to go into the question of whether or not the work for which the assessments were made actually increased the value of the properties assessed. Caldwell Milling Co., 3 B.T.A. 1232; Belfast Investment Co., 17 B.T.A. 213. Thus, it does not make any difference whether or not the petitioner thought that the changes in 1946 and 1947 increased the value of his properties or tended to increase their values. His testimony does not show that the 1947 improvements merely repaired damage done under the 1907 ordinance. He has failed to show that he is entitled to the deduction which he claimed. Decision will be entered for the respondent.